UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                      2:94-cr-27-FtM-29DNF

JAIME CISNEROS

_____

**OPINION AND ORDER**

_____This matter comes before the Court on petitioner's Motion to
Preserve New "Recognized Right Pursuant to U.S. Booker, 543 U.S.
220 (2005) or Alternatively a Motion to Vacate or Set-Aside
Conviction or Sentence Pursuant to 28 U.S.C. § 2255 ¶ 6(3) (Doc.
#372), filed on January 13, 2006.  For the reasons set forth below,
both motions are denied.

### I.

Defendant was sentenced to a term of 210 months imprisonment,
60 months supervised release, and a special assessment of $50 on
September 17, 1996.  Judgment (Doc. #310) was entered on September
27, 1996, and defendant filed a Notice of Appeal.  On May 5, 1998,
the Eleventh Circuit Court of Appeals issued a mandate affirming
the Judgment.  Defendant did not file a petition for a Writ of
Certiorari and did not pursue habeas relief.

### II.

Defendant seeks to "preserve" an argument under United States
v. Booker, 543 U.S. 220 (2005), on the ground that it may one day
be held to apply retroactively.  The Eleventh Circuit has held

"that _Booker's_ constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." _Varela v. United States_, 400 F.3d 864, 867-68 (11th Cir.), _cert. denied_, 126 S. Ct. 312 (2005)(citing _Schriro v. Summerlin_, 124 S. Ct. 2519, 2526-27 (2004)).  _See also_ _United States v. Moreno_, 421 F.3d 1217, 1220 (11th Cir. 2005); _United States v. Rodriquez_, 406 F.3d 1261, 1280 (11th Cir. 2005)("[n]o circuit, . . . has yet to suggest that _Booker_ is retroactively applicable to collateral proceedings, . . . [and], it is highly unlikely that any will."). There is no legal basis to allow petitioner to "preserve" an issue simply because he hopes it may one day be found to be applicable to him.

### III.

If construed in the alternative as a petition for relief under § 2255, petitioner has not complied with the one-year period of limitations set forth in §2255.  Federal prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 Motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

-2-

retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2255; see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001). While petitioner relies on the third prong, it is clear that the Supreme Court has not recognized any new right which has been held to apply retroactively to a defendant whose conviction became final prior to the decision, as discussed above. None of the other potential grounds apply, and petitioner has not established any basis to find that the limitations period was equitably tolled. Because petitioner did not file his motion within one year of any of the four events set forth in §2255, and has not shown any equitable reason to toll the limitations period, his motion is untimely and is therefore time-barred.

## IV.

Because defendant is proceeding pro se, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant. United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991). The Court has no inherent power to correct an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003).

-3-

The Court finds no basis for authority to reduce or vacate the sentence in this case and no procedural mechanism to preserve an argument before it is recognized by the Supreme Court as retroactive. <u>See</u> <u>Avila v. United States</u>, Case No. 2:05-cv-266-FTM-29DNF, 2005 WL 3467670, *3-5 (M.D. Fla. Dec. 19, 2005).[1]

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  Petitioner's Motion to Preserve New "Recognized Right Pursuant to U.S. Booker, 543 U.S. 220 (2005) (Doc. #372) is **DENIED.**

2.  Petitioner's Alternative Motion to Vacate or Set-Aside Conviction or Sentence Pursuant to 28 U.S.C. § 2255 ¶ 6(3) (Doc. #372) is **DISMISSED.**

3.  The Clerk shall open a civil case for statistical purposes, file Petitioner's Alternative Motion to Vacate or Set-Aside Conviction or Sentence Pursuant to 28 U.S.C. § 2255 ¶ 6(3) (Doc. #372) as a new § 2255, file a copy of this Opinion and Order along with a civil judgment dismissing the § 2255, and close the civil file.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of January, 2006.

JOHN E. STEELE
United States District Judge

Copies:
AUSA
Counsel of Record

_____

[1]Slip Copy attached.